IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 3:22-CR-95-KAC-DCP |
| LAVANDER SPRATLING, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Lavander Spratling's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 17], filed on March 7, 2023.

In his motion, Defendant asks the Court to continue the April 11, 2023 trial date and related deadlines. Counsel for Defendant states that he is engaged in good faith negotiations with the Government to resolve Defendant's case without trial but that he is awaiting additional discovery that is necessary to review before a resolution can be reached. Counsel relates that during negotiations, he has also identified additional investigative tasks that will assist in resolving the case. Counsel avers that granting a continuance will allow the parties to make a full resolution of all issues and otherwise serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and Defendant in a speedy trial. Finally, counsel relates that he has spoken with both Defendant Spratling, who is detained in Laurel County, Kentucky, pending trial and understands the period of time between the filing of this motion and a rescheduled trial date would be fully excludable for speedy trial purposes, as well as counsel for the Government, who has no objection to the requested continuance.

Based upon the information provided by Defendant in his motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel needs time to review the still-pending discovery, investigate the additional issues he has uncovered, and confer with Defendant before concluding negotiations with the Government—a task made more difficult by Defendant's pretrial confinement in another state. Furthermore, in the event plea negotiations are not fruitful, counsel for Defendant will need additional time to prepare for trial. The Court finds all of this cannot be done by the April 11, 2023 trial date.

The Court therefore **GRANTS** Defendant Spratling's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 17**]. The trial of this case is reset to **June 27, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 7, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Lavander Spratling's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 17**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 27, 2023, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **March 7, 2023**, and the new trial date of **June 27, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 26, 2023**;

(5) The deadline for filing motions *in limine* is **June 5, 2023**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **June 6, 2023, at 1:30 p.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 27, 2023**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge